## Moyer and Wife *versus* Thomas.

*Right of Parent to inherit Estate of Child dying Intestate.—Intestate
Law of* 1833 *construed.*

The husband of a deceased wife, to whose daughter an estate in fee has
descended from her mother, is, upon the death of the daughter, intestate and
without issue, entitled to a life estate in her real estate, under sect. 3 of the
Act of 1833 ; though by sect. 9 of that Act he would not be entitled to an
*estate of inheritance* as heir to his daughter, because he was not of the blood
of the mother, from whom the estate descended.

Lewis *v.* Gorman, 5 Barr 164, explained.

ERROR to the Common Pleas of *Schuylkill county.*

This was an action of ejectment, brought by Septimus Thomas
against William Minnich, for the undivided half of a messuage
and tract of land in North Manheim township, Schuylkill county,
containing two hundred and twenty-six acres and forty-two
perches, in which the following case was stated for the opinion
of the court :—

The fee simple of the tract of land in dispute was vested in
Benjamin Pott, who, by his deed and his wife's, bearing date the
9th day of October, A. D. 1829, which is made part of the case
stated, conveyed a tract of land containing two hundred and
twenty-six acres and one hundred and twelve perches, to Jacob
Minnich in trust.

And Jacob Minnich and Mary his wife, by their deed dated
the 30th day of October, A. D. 1832, granted and conveyed the
same tract of land to Joshua W. Comley and to his heirs and
assigns, in trust.

Jacob and Mary Minnich had four children, viz., William,
Jeremiah, Maria, and Catharine. Jeremiah and Catharine died
in the lifetime of their father and mother, unmarried and without
issue. Maria, one of the children, was married on the 2d of
March, A. D. 1847, to Septimus Thomas, the above-stated plain-
tiff, and died on the 23d day of June, A. D. 1853, leaving issue
a daughter, Maria, who died on the 2d day of August, A. D. 1853.

Mary Minnich, the mother of Maria, who was intermarried
with Septimus Thomas, the above-stated plaintiff, survived her
daughter, and her daughter's issue, and died on the 7th day of
April, A. D. 1854, leaving her son William Minnich surviving
her in possession of the land in dispute, and the defendant in
the above-stated action.

Jacob Minnich, the husband of Mary Minnich, and the father
of William and Maria, the surviving children, died in the month
of September, A. D. 1854.

The question for the opinion of the court is whether the plain-
tiff is entitled to recover any, and, if any, what part of the

[Moyer and Wife *v.* Thomas.]

tract of land in dispute.   If the court shall be of opinion that the plaintiff is entitled to recover any part of the premises, then judgment to be entered for him, for whatever he may be entitled to recover, with costs.   If the opinion of the court shall be that the plaintiff is not entitled to any interest in the premises, then judgment to be entered for the defendant with costs.

The one-half of the land in controversy was claimed by the plaintiff, as heir to his daughter Maria, while the defendant claimed the whole of it, thus: one-fourth by the original limitation in the deed from Benjamin Pott; one-fourth as heir to his brother Jeremiah and his sister Catharine; and one-half as the heir of his sister Maria, the deceased wife of Septimus Thomas, who, he averred, owned one-fourth by the above-mentioned limitation, and one-fourth as heir to her brother Jeremiah and her sister Catharine.

On argument, the court below (HEGINS, J.), on September 22d 1856, directed the entry of judgment in favour of the plaintiff for the undivided half of all the property described in the writ, with six cents damages and six cents costs, under which judgment possession was delivered by the sheriff, and the costs paid by defendant.

After the judgment of the court below, the defendant died, and his widow (who was married to John T. Moyer), with his children, suggested his death on the record, and were substituted in his stead.   This writ of error was then sued out in the name of John T. Moyer and Kate his wife, late Kate Minnich, who was the widow of the late William Minnich, deceased, and Mary Ellen Minnich, William F. Minnich, and John Minnich, minor children and heirs-at-law of William Minnich, deceased, who sue by John T. Moyer, their next friend, as plaintiffs in error, and Septimus Thomas defendant in error.

The error assigned here was the entering of judgment for the plaintiff and not for the defendant, upon the facts contained in the case stated.

*F. W. & J. Hughes*, for plaintiffs in error.—If the deed from Pott to Minnich vested a trust estate for life in Mary Minnich, and a vested remainder to their several children; and Maria, the wife of Septimus Thomas, was, prior to her decease, vested with the undivided moiety, viz., one-fourth as original purchaser, and one-fourth as heir to her brother and ·sister, subject to the life estate of her mother, the question is, did Septimus Thomas take either a life estate, or an estate of inheritance from his daughter Maria?

If she had taken the undivided half by purchase, her father would have taken either one or the other.   We think it would have been an estate of inheritance, and that as she took by

[Moyer and Wife *v.* Thomas.]

descent and not by purchase, he took nothing, but that her estate goes to the blood of the first purchaser. The court below erred in supposing that the father in all cases takes only a life estate in the real estate of a deceased child. This only occurs where the child leaves brothers and sisters. When this is not the case, the father takes an estate of inheritance where the child was a purchaser: Act of April 8th 1833, §§ 3, 4, 5, 9; Maffit *v.* Clark, 6 W. & S. 258; Lewis *v.* Gorman, 5 Barr 164; Act of 1794, § 5; Baker *v.* Chalfant, 5 Wh. 477.

The maxim is, that he who claims an estate which descended to an intestate, must show himself heir of him from whom it descended as perquisitor.

This case is peculiar in this, that Thomas cannot claim as tenant by the courtesy, because he had neither possession nor the right of possession during her life, her interest being a remainder over after the death of her mother, who survived her: 4 Kent Com., p. 28.

*Benjamin Bartholomew*, with whom was *J. H. Campbell*, for defendant in error, contended that the deed of Pott and wife gave a life estate to Mary Minnich, with a vested remainder to her children by Jacob, and that by the death of Jeremiah and Catharine, without heirs and unmarried, their interest became vested in the surviving children, William and Maria, the wife of Septimus Thomas. Upon her death, her interest (being one-half) vested in her daughter Maria, on whose subsequent death it vested in the father, Septimus Thomas, for life, as heir of his child, in which capacity he claims here, and not as tenant by the courtesy. This is his right under the 15th, 16th, 17th, 18th, 22d, and 26th sections of the Intestate Law of this Commonwealth. The case of Maffit *v.* Clark, 6 W. & S. 258, decides what is here contended for. See also Chew's Appeal, Leg. Int., January 11th 1861.

The opinion of the court was delivered, March 14th 1861, by

THOMPSON, J.—The defendant in error was plaintiff below, and claimed to recover a life estate in the premises under the intestate laws. Benjamin Pott and wife, in 1829, granted the estate out of which this controversy has arisen, to Jacob Minnich, in trust for his wife for life, with remainder to their children in fee. Minnich and wife afterwards, in 1832, conveyed the premises to Joshua Comley, Esq., in trust to convey the same to Mrs. Minnich for life, the remainder as in the first deed. Minnich and wife had four children; two died unmarried and without issue; a third became the wife of Thomas; she died leaving issue, an only daughter, who also died shortly after her mother, unmarried.

[Moyer and Wife *v.* Thomas.]

The contest here is between the father of this child and the heir of his uncle William Minnich, who was the surviving brother of her mother.

Not being entitled under the circumstances of the case, as tenant by the courtesy to the life estate in the first taker, Mrs. Minnich not having expired during the life of his wife, he now claims a life estate through his deceased child under the 3d section of the Intestate Act.

It is conceded that he is not entitled to an estate of inheritance as heir to his daughter, on account of the exclusion in the 9th section of the Act of 1833, of all "who are not of the blood of the ancestors or other relation from whom any real estate descended, or by whom it was given or devised to the intestate." He was not of the blood of the wife, the mother of the child, and did not fall within the 5th section of the act, which provides, that in default of issue, and brothers and sisters of the whole blood and their descendants, the whole estate vests in the father and mother, if both be living, or in the survivor in case of the death of either.

It was contended, that when an intestate leaves brothers and sisters, then the parents take a life estate in the realty; but when, as in the present case, the child left neither brother nor sister or descendants of such, the father could have taken an estate of inheritance had the child acquired by purchase and not by descent, and this not being the case, he is not entitled to any estate whatever.

This we think is not the true exposition to be given to the law. The 3d section of the Act of 1833 provides, that "in default of issue and subject also, as aforesaid, to the estate and interest hereinbefore given to the widow or surviving husband, if any, the real estate shall go to the *father and mother* of such intestate *during their joint lives and the life of the survivors of them.*" If one parent be alive at the death of the intestate, the estate goes to that one for life, in the same manner as if both were alive. The personal estate vests absolutely in the parents or survivor.

There is no exclusion in this section on account of blood, when the succession is to a life estate as there was in the Act of 1794, §§ 5–7, 3 S. L. 146. Without attending closely to the wording of the two acts, those of 1794 and 1833, I think Mr. Justice Bell was led into an error in Lewis *v.* Gorman, 5 Barr 164, in saying, that the "meaning of both acts was the same." It seems to be clear that the scope was greater in the former than in the latter in the particular suggested.

I understand the law now to be, that there is no exclusion where the interest is a life estate: Section 3, Act of 1833. That the parents take for life, before brothers and sisters, nephews

[Moyer and Wife *v.* Thomas.]

and nieces, and their descendants, without regard to the question of blood. So does the survivor of them. This was what was held in this court in Maffit *v.* Clark, 6 W. & S. 258.

In the 5th section of the act, there is a provision for an estate of inheritance in the real estate of a deceased child in the parents or survivor of them. The qualification or limitation of that is to be found in the 9th section of the act already quoted. It excludes only in cases where, by the act, the *inheritance* is to pass; those in that case who are not of the blood of the ancestor or other relative from whom the real estate descended are not to succeed, " but such real estate, subject to such life estate as may be in existence by this act, shall pass and vest in such other persons as would be entitled by this act, if the persons not of the blood of such ancestor or other relative had never existed or were dead at the decease of the intestate."

The exclusion is from inheritance only, saving the life estates in existence. That gives to Septimus Thomas a life estate in the fee descended to his daughter from her mother. And there was no error in the court below so ruling.

Judgment affirmed.